**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0301-15T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

HECTOR W. GONZALEZ, a/k/a CARLOS VALLE,

      Defendant-Appellant.

_____

      Submitted January 31, 2017 — Decided October 25, 2017

      Before Judges Messano and Guadagno.

      On appeal from the Superior Court of New
      Jersey, Law Division, Passaic County,
      Indictment Nos. 01-06-0673 and 01-07-0717.

      Joseph E. Krakora, Public Defender, attorney
      for appellant (David A. Gies, Designated
      Counsel, on the briefs).

      Camelia M. Valdes, Passaic County
      Prosecutor, attorney for respondent (Tom
      Dominic Osadnik, Assistant Prosecutor, of
      counsel and on the brief).

    PER CURIAM

    Defendant Hector Gonzalez appeals from the denial of his

petition for post-conviction relief (PCR) without a hearing. We

have considered defendant's arguments in light of the record and applicable legal standards and we affirm.

In June 2001, a grand jury sitting in Passaic County returned an indictment (673)[1] charging defendant and two others with first-degree armed robbery and related weapons offenses. On July 9, 2001, a different grand jury also sitting in Passaic County returned an indictment (717) charging defendant with third-degree terroristic threats, and weapons charges. A third indictment (951), which is not the subject of this appeal, charged defendant with aggravated assault and weapons charges.

After several delays, the three indictments were scheduled for trial[2] on March 17, 2003. On that day, defendant entered into a negotiated plea agreement to dispose of the three pending indictments. In return for defendant's guilty pleas to three counts of first-degree robbery (673), one count of third-degree terroristic threats, second-degree possession of a weapon for an unlawful purpose (717), and third-degree aggravated assault (951), the State agreed to recommend a fifteen-year term on the

---

[1] For simplicity, we refer to the indictments by their last three numbers.

[2] The trial judge indicated he would try the robbery case first followed "immediately" by the other two.

robbery charges with concurrent seven and four-year terms on the other counts.

Because defendant was scheduled to undergo surgery, the first plea judge delayed his sentencing until October 3, 2003. The judge told defendant he was aware that defendant was recently arrested and indicted on new charges and was "very reluctantly" continuing him on bail, only because of defendant's claimed medical condition. In addition, the judge imposed a 10:00 p.m. curfew and required defendant to report to the bail supervision unit weekly.

On May 8, 2003, defendant appeared before a different judge and pled guilty pursuant to a plea agreement to second and third-degree possession of cocaine with intent to distribute in satisfaction of indictment 219. In return, the State recommended a five-year term to run concurrent with the sentence imposed on the March 2003 plea. The second plea judge also scheduled sentencing for October 3, 2003.

Defendant had surgery in July 2003, but thereafter he travelled to the Dominican Republic and failed to appear for either sentence. Defendant, who was not a citizen of the United States, remained a fugitive for six years before he reentered the country illegally and was arrested on two additional charges.

A-0301-15T2

On February 24, 2012, defendant represented by new counsel appeared for sentence before Judge Raymond A. Reddin on indictments, 673, 951, 717, 219, and accusation 405, which charged defendant under the name Carlos Valle. Defense counsel informed Judge Reddin that defendant wanted to withdraw his guilty pleas to the robbery and weapons charges under 673, and 717. On 219, 405, and 951, defendant was sentenced to concurrent terms of five, three, and four years respectively.

After hearing oral argument, Judge Reddin denied defendant's motion to withdraw his guilty pleas under 673 and 717 and sentenced him in accordance with the plea agreements. Defendant appealed his sentence and the denial of his motion to withdraw his guilty pleas. On April 28, 2014, we affirmed both.

On May 29, 2014, defendant filed a pro se PCR petition alleging his plea counsel "duped" him into pleading guilty when he requested a trial. After counsel was appointed, an amended PCR petition was filed. On June 9, 2015, Judge Reddin heard oral argument and denied the petition.

On appeal, defendant raises the following points:

POINT ONE

AN EVIDENTIARY HEARING IS NECESSARY TO DETERMINE WHETHER THE DEFENDANT'S TRIAL ATTORNEY PROVIDED INACCURATE ADVICE REGARDING THE MANNER IN WHICH THE GUILTY PLEAS WOULD IMPACT THE DEFENDANT'S IMMIGRATION STATUS.

A-0301-15T2

POINT TWO

WHERE THE MOTION COURT DENIED THE DEFENDANT'S APPLICATION TO WITHDRAW HIS GUILTY PLEAS AND SENTENCED HIM WITHOUT KNOWLEDGE THAT THE DEFENDANT WAS NOT A UNITED STATES CITIZEN, AN EVIDENTIARY HEARING IS REQUIRED TO DETERMINE WHETHER SUCH ACCURATE KNOWLEDGE WOULD HAVE MADE A DIFFERENCE. (NOT RAISED BELOW)

We find no merit to either argument and affirm substantially for the reasons set forth in Judge Reddin's thoughtful and thorough oral decision. R. 2:11-3(e)(2). We decline to address the argument made in Point Two as it was not raised before the trial judge. State v. Witt, 223 N.J. 409, 450 (2015). We add only the following brief comments regarding Point One.

Defendant contends that his plea counsel was ineffective because he failed to adequately advise him of the immigration consequences of his plea. The plea form contained the question, "Do you understand that if you are not a United States Citizen or national, you may be deported by virtue of your plea of guilty?" Defendant answered "Yes" to the question. During the allocution on defendant's plea, the following exchange addressed immigration consequences:

> [JUDGE]: Now, I draw your attention particularly to question number 17 on page 3 of that form. Are you a citizen of the United States?

[DEFENDANT]:   No, I'm not.

[JUDGE]:   Do you understand that by pleading guilty here today, you may be subject to deportation from this country?

[DEFENDANT]:   I understand.

[JUDGE]:  After serving your sentence, you may be deported, you understand that?

[DEFENDANT]:   Yes, I do.

Defendant entered his plea in 2003, seven years before the Supreme Court would decide Padilla v. Kentucky, 559 U.S. 356, 369, 130 S. Ct. 1473, 1484, 176 L. Ed. 2d 284, 297 (2010), which required defense attorneys to advise their noncitizen clients of the immigration consequences of pleading guilty or risk providing constitutionally deficient assistance of counsel. Because Padilla represented a new constitutional rule of law, it is not entitled to retroactive application on collateral review. State v. Gaitan, 209 N.J. 339, 371 (2012).

The plea judge confirmed that defendant was aware of the deportation consequences of his guilty plea and there is no information in the record that defendant's plea counsel provided inaccurate or misleading information. Defendant has failed to satisfy either the deficiency or the prejudice prong of Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052,

2068, 80 <u>L. Ed.</u> 2d 674, 698 (1984), and was not entitled to an evidentiary hearing or PCR relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0301-15T2